**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**EDDIE JOSEPH BROWN, JR., #87813**                                **PETITIONER**

**versus**                                                                            **NO. 1:17CV308-LG-MTP**

**MARSHALL TURNER**                                            **RESPONDENT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the Petition of Eddie Joseph Brown, Jr. for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [6] pursuant to 28 U.S.C. § 2244(b) or Alternatively, Pursuant to 28 U.S.C. § 2244(d). Having considered the Motion, the record, and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [6] be granted and the Petition [1] be dismissed.

**PROCEDURAL HISTORY**

Brown is currently serving a prison term in the custody of the Mississippi Department of Corrections after being convicted on March 14, 2012 of possession of a controlled substance in the Circuit Court of Harrison County, Mississippi. Doc. [6-1] at 1. He was sentenced to serve thirty-two (32) years in the custody of MDOC "without hope of parole or probation" under Miss. Code Ann. Section 99-19- 81. *Id.*

The Mississippi Court of Appeals affirmed the conviction and sentence. *See Brown v. State of Mississippi*, 143 So.3d 624 (Miss.Ct.App. 2014). Brown next sought leave to file a motion for post-conviction collateral review in state court. The Mississippi Supreme Court denied Brown's application. *See* [6-8][6-9].

On March 18, 2015,[1] Brown filed his first habeas petition pursuant to § 2254 in federal court in Cause No. 1:15CV115- LG-RHW, challenging his March 14, 2012, conviction and

1

sentence for possession of a controlled substance. On December 16, 2015, United States Magistrate Judge Robert H. Walker issued a Report and Recommendation urging dismissal of Brown's petition. On February 3, 2016, this Court issued a "Memorandum Opinion and Order Adopting Report and Recommendation" and separate "Final Judgment" dismissing the petition. *See* [6-4]. Brown's request for a Certificate of Appealability (COA) was denied that same date. *See* [6-5]. On February 23, 2017, the United States Court of Appeals for the Fifth Circuit also denied Brown's request for a COA. *See* [6-6]. The current petition [1], filed August 30, 2017, challenges the same conviction and sentence that were challenged in his previous petition. *See* Petition [1]. Respondent filed his Motion [6] to Dismiss on November 27, 2017.

## ANALYSIS

A petitioner who is filing a second or successive motion for habeas relief must first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive motion. 28 U.S.C. § 2244(b)(3)(A). The United States Court of Appeals for the Fifth Circuit has defined "a second or successive petition as one that 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009)(citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998))(internal quotations omitted).

The undersigned finds that Brown's challenge to his conviction and sentence is a successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A). Brown previously filed a habeas petition challenging his conviction and sentence, which was dismissed on the merits in Cause No. 1:15CV115- LG-RHW.

Petitioner submits that his previous petition was dismissed as a "mixed petition" without

---

[1] The first petition was dated March 18, 2015, but was file stamped on April 8, 2015.

prejudice. *See* Petition [1] at 13-14. However, that is simply not the case. In his first petition, Brown raised certain grounds related to ineffective assistance of counsel that he did not exhaust in state court. In the Report and Recommendation, the Court found that:

> Brown later filed a motion to amend his § 2254 petition to delete all unexhausted claims, in which he listed the three unexhausted ineffective assistance claims. Doc. [20]. It appears that Brown concedes that the unexhausted claims are procedurally barred and therefore should be dismissed. Accordingly, the undersigned recommends that the unexhausted claims be dismissed based on procedural default. See 2254(b)(1)(A) (citations omitted)."

The Court went on to address the merits of the remaining grounds and denied them. The unexhausted grounds mentioned above were dismissed as procedurally defaulted as the Report and Recommendation of Judge Walker was adopted as the findings of the Court. *See* Cause No. 1:15CV115- LG-RHW, Docket Entry [34]. Brown's request for a Certificate of Appealability was denied that same date in this Court, and, the United States Court of Appeals for the Fifth Circuit also denied Brown's request for a COA. *See* [6-6].

Brown is challenging the same conviction and sentence that he challenged in his first habeas petition, but has not submitted any documentation demonstrating that he has obtained the required authorization from the United States Court of Appeals for the Fifth Circuit before doing so. Because the Fifth Circuit has not authorized him to file a successive petition in this Court, the Court is without jurisdiction to consider the petition and it should be dismissed. *See Jacobs v. Mississippi Dep't of Corr.*, 2011 WL 196942, at *2 (S.D. Miss. Jan. 20, 2011).[2]

### RECOMMENDATION

As this Petition [1] is a successive petition within the meaning of 28 U.S.C. §

---

[2] Respondents also moved to dismiss this matter based on the statute of limitation pursuant to 28 U.S.C. § 2244(d). As the petition is successive, the Court should not address this issue.

3

2244(b)(3)(A) and should be dismissed, the undersigned recommends that Respondent's Motion to Dismiss [6] be GRANTED and that Brown's Petition for Writ of Habeas Corpus [1] be dismissed. All other Pending Motions[27][28][30] should be denied as moot.[3]

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 9th day of May, 2018.

s/ Michael T. Parker
United States Magistrate Judge

---

[3] Just recently, Brown filed a motion to amend; however, his proposed amended petition still challenges the same conviction and sentencing and does not affect the above analysis. *See* Motion to Amend [28] and accompanying exhibits. Furthermore, Petitioner has filed numerous motions seeking discovery in this matter, which the Court has denied. *See* Order [26]. Unabated, he continues to file more motions seeking discovery. *See* Motion [27] and Petition for Writ of Mandamus [30] (seeking documents related to his state court matter). These motions should be denied as moot.